IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STACEY JACKSON, KEYSHA SCOTT, and SHEENA WARREN,<br><br>Plaintiff<br><br>*versus*<br><br>HANDS ON NURSING, INC,<br><br>Defendant | Case No: 1:18-CV-02442<br><br>(Judge Jones)<br><br>Electronically Filed |

**BRIEF IN SUPPORT OF MOTION TO DISMISS**

**I.   INTRODUCTION**

Plaintiffs Stacey Jackson, Keysha Scott, and Sheena Warren initiated this action on behalf of themselves and others similarly situated, seeking wages alleged to be due under the Fair Labor Standards Act (FLSA) and Pennsylvania law. Plaintiffs seek overtime premiums for situations in which they were paid straight time and wages for time spent traveling between clients.

Defendant Hands On Nursing, Inc ("Hands On Nursing") moved to dismiss the complaint for lack of subject matter jurisdiction because the named plaintiffs have been paid in full for all damages sought in the action. Hands On Nursing now

submits this brief in support of its motion to dismiss. For the reasons stated below, the Court should dismiss the complaint with prejudice.

## II. BACKGROUND

Hands On Nursing is based in Lebanon, Pennsylvania and provides private home care and nursing staff relief. (Doc 1, ¶¶ 7-8, 11). Plaintiffs are former employees of Hands On Nursing. (Doc 1, ¶¶ 14-16).[1] Plaintiffs were direct care workers, providing companionship, personal care, and domestic assistance services to clients. (Doc 1, ¶ 17).

Plaintiffs assert that they were paid straight time rates for hours worked in excess of 40 in given workweeks and were not paid for time spent traveling between clients. (Doc 1, ¶¶ 22-24).

As Plaintiffs note, Hands On Nursing was audited by the PA Department of Labor and Industry ("Labor & Industry") in 2018. At the conclusion of the audit, Hands On Nursing reimbursed all employees for any wages due for 2016. (Doc 1, ¶ 59).[2]

---

[1] Although it is not important for purposes of the instant motion, the complaint incorrectly states that Plaintiff Warren is still employed by Hands On Nursing. Plaintiff Warren has not worked for Hands On Nursing since 2017.

[2] While also not pertinent to this motion, Plaintiffs are incorrect in their claim that the Labor & Industry audit covered only 2016. To the contrary, Labor & Industry audited Hands On Nursing for 2017 as well; however, the Labor & Industry

On February 27, 2019, unconditional payment was made to Plaintiffs, in an amount exceeding all back pay and liquidated damages, if all theories of relief are conceded. (Doc 8-1).

### III. ISSUES PRESENTED

**A. Should Plaintiffs' FLSA claims be dismissed for lack of subject matter jurisdiction because there is no case or controversy?**

Suggested response: *Yes*.

**B. Should Counts II and III be dismissed because no federal question remains after dismissal of Count I?**

Suggested response: *Yes*.

### IV. ANALYSIS

**A. Plaintiffs' FLSA claims should be dismissed pursuant to Rule 12(b)(1) because there is not a live case and controversy.**

***1. Standards applicable to Rule 12(b)(1) motions.***

Defendant submits its motion to dismiss the complaint pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction. This Court has succinctly summarized the appropriate framework to be applied to such challenges as follows:

> When considering a motion to dismiss under Rule 12(b)(1), a court must distinguish between facial and factual challenges to its subject

---

investigator informed Hands On Nursing that Labor & Industry was not requiring payment of any unpaid wages for 2017 as a result of the audit.

> matter jurisdiction. *See Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). A facial attack challenges whether the plaintiff has properly pled jurisdiction. *Id*. "In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) (citing *Mortensen*, 549 F.2d at 891). A factual attack, in contrast, challenges jurisdiction based on facts apart from the pleadings. *Mortensen*, 549 F.2d at 891. "When a defendant attacks subject matter jurisdiction 'in fact,' … the Court is free to weigh the evidence and satisfy itself whether it has power to hear the case. In such a situation, 'no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.'" *Carpet Group Int'l v. Oriental Rug Importers Ass'n*, 227 F.3d 62, 69 (3d Cir. 2000) (quoting Mortensen, 549 F.2d at 891).

*Shemtov Michtavi v. United States*, No. 4:07-CV-0628, 2009 U.S. Dist. LEXIS 18926, at *2-3 (M.D. Pa. Mar. 4, 2009).

The present case involves a factual challenge. In such cases, "the plaintiff will have the burden of proof that jurisdiction does in fact exist." *Vnuk v. Berwick Hosp. Co.*, No. 3:14-CV-01432, 2015 U.S. Dist. LEXIS 109767, at *9 (M.D. Pa. Aug. 19, 2015) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).

### 2. Plaintiffs' FLSA claims are moot.

The Supreme Court has routinely held that "Article III, §2, of the Constitution limits the jurisdiction of federal courts to 'Cases' and 'Controversies,'

which restricts the authority of federal courts to resolving "'the legal rights of litigants in actual controversies.'" *Genesis HealthCare Corp. v. Symczyk*, 569 U.S. 66, 71-72 (2013) (citing *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982); *Liverpool, New York & Philadelphia S. S. Co. v. Commissioners of Emigration*, 113 U.S. 33, 39 (1885)). A plaintiff must "demonstrate that he possesses a legally cognizable interest, or 'personal stake,' in the outcome of the action" in order to invoke a federal court's jurisdiction. *Id*. (citing *Camreta v. Greene*, 563 U.S. 692, 701 (2011); *Summers v. Earth Island Institute*, 555 U.S. 488, 493 (2009)).

If circumstances change during the pendency of the litigation that deprives the plaintiff of a "personal stake in the outcome of the lawsuit," the action must be dismissed as moot because "an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Id*. (citations omitted).

In *Genesis*, the defendant-employer provided a Rule 68 offer of judgment for the full relief requested by the plaintiff. The plaintiff did not accept the Rule 68 offer within the allotted time and the defendant moved to dismiss, contending the plaintiff no longer possessed a personal stake in the outcome of the suit, rendering the action moot. *Id*. at 69-70. The plaintiff's argued that the case should proceed after the individual claim became moot because the plaintiff had a right

to represent potential opt-in plaintiffs. The Court rejected the plaintiff's argument, holding:

> We turn, then, to the question whether respondent's action remained justiciable based on the collective-action allegations in her complaint. A straightforward application of well-settled mootness principles compels our answer. In the absence of any claimant's opting in, respondent's suit became moot when her individual claim became moot, because she lacked any personal interest in representing others in this action. While the FLSA authorizes an aggrieved employee to bring an action on behalf of himself and "other employees similarly situated," 29 U.S.C. §216(b), the mere presence of collective-action allegations in the complaint cannot save the suit from mootness once the individual claim is satisfied. In order to avoid this outcome, respondent relies almost entirely upon cases that arose in the context of Federal Rule of Civil Procedure 23 class actions, particularly *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 100 S. Ct. 1202, 63 L. Ed. 2d 479 (1980); *Deposit Guaranty Nat. Bank v. Roper*, 445 U.S. 326, 100 S. Ct. 1166, 63 L. Ed. 2d 427 (1980); and *Sosna v. Iowa*, 419 U.S. 393, 95 S. Ct. 553, 42 L. Ed. 2d 532 (1975). But these cases are inapposite, both because Rule 23 actions are fundamentally different from collective actions under the FLSA, *see Hoffmann-La Roche Inc.*, 493 U.S., at 177-178, 110 S. Ct. 482, 107 L. Ed. 2d 480 (Scalia, J., dissenting), and because these cases are, by their own terms, inapplicable to these facts. It follows that this action was appropriately dismissed as moot.

*Id*. at 73-74.

The *Genesis* Court left open the question of "whether a Rule 68 offer that fully satisfies the plaintiff's claims is sufficient by itself to moot the action" because that issue was not before the Court. *Id*. at 73 n.4. Three years later, the Supreme Court revisited that issue in *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663

(2016). In *Campbell-Ewald*, the Court held that, under Rule 68, an "unaccepted settlement offer has no force" and, "[l]ike other unaccepted contract offers, it creates no lasting right or obligation." *Id*. at 666. In reaching its conclusion, however, the *Campbell-Ewald* Court specifically noted that the result could be different outside the context of a Rule 68 offer of judgment – *i.e.* a defendant tendering unconditional payment of the full value of the claims to the plaintiff. *Id*. at 672.

A number of courts – both pre- and post-*Campbell-Ewald* – have found that an unconditional tender equal to the full amount of a plaintiff's claimed damages serves to moot a plaintiff's claim. *See Pakovich v. Verizon LTD Plan*, 653 F.3d 488, 492 (7th Cir. 2011) ("[Defendant] paid [Plaintiff] the benefits she requested in her complaint, including the amount she was owed at the time and the proper amount going forward. Since [Plaintiff] had received everything she requested in her benefit claim, that claim became moot and the district court lacked jurisdiction to enter summary judgment against [Defendant]."); *Gathagan v. Rag Shop/Hollywood, Inc.*, No. 04-80520-Civ, 2005 U.S. Dist. LEXIS 47235, 2005 WL 6504414, at *2 (S.D. Fla. Feb. 10, 2005) ("Defendant's tender of Plaintiff's maximum recoverable damages has rendered her case moot, and the motion to dismiss with prejudice is granted."); *Leyse v. Lifetime Entm't Servs., LLC,* No. 13

CIV. 5794 (AKH), 2016 U.S. Dist. LEXIS 47877, 2016 WL 1253607, at *2 (S.D.N.Y. Mar. 17, 2016) ("[O]nce the defendant has furnished full relief, there is no basis for the plaintiff to object to the entry of judgment in its favor."); *Gray v. Kern*, 143 F. Supp. 3d 363, 367 (D. Md. 2016) ("a measure which makes absolutely clear that the defendant will pay the complete relief the plaintiff can recover and that the plaintiff will be able to receive that relief will moot the issue in controversy").

Here, the amount due to the Plaintiffs, assuming their success in establishing liability, is readily ascertainable from their payroll records, time sheets, and employee schedules. As stated in the declaration supporting Hands On Nursing's motion, Hands On Nursing tendered payment unconditionally to the plaintiffs in amounts equal to any back pay due, plus liquidated damages and an additional 10%. At this point, Plaintiffs have received everything they have asked for in the complaint and they have no personal stake in the outcome of the litigation.

Accordingly, the Court should dismiss the complaint for lack of subject matter jurisdiction.

**B.     Upon dismissal of Plaintiffs' FLSA claims, the Court should decline to exercise supplemental jurisdiction over Plaintiffs' state law claims.**

In Counts II and III of the complaint, Plaintiffs assert claims under Pennsylvania's Minimum Wage Act and Wage Payment and Collection Law. As discussed in the prior section, Plaintiffs' FLSA claims should be dismissed as moot.

After "a district court has dismissed all claims over which it had original jurisdiction, it may decline to exercise supplemental jurisdiction over state law claims." *Cicchiello v. SEIU 1199P Union*, No. 1:15-CV-01682, 2016 U.S. Dist. LEXIS 15674, at *14-15 (M.D. Pa. Feb. 5, 2016) (citing 28 U.S.C. § 1367(c)(3)). The decision to exercise supplemental jurisdiction is within the Court's discretion. *Id*. (citing *Kach v. Hose*, 589 F.3d 626, 650 (3d Cir. 2009)). The Court should base this decision on "the values of judicial economy, convenience, fairness, and comity ...." *Id*. (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988)). "Ordinarily, when all federal law claims have been dismissed and only state law claims remain, the balance of these factors indicates that the remaining claims properly belong in state court. *Id*. (citing *Cohill*, 484 U.S. at 350). The Third Circuit has held that "where the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy,

convenience, and fairness to the parties provide an affirmative justification for doing so." *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (quoting *Borough of West Miflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995)).

This case is at its fledgling stage. There is nothing unique about this case such that considerations of judicial economy, convenience, and fairness provide an affirmative justification for exercising supplemental jurisdiction after the Court dismisses the FLSA claims. *See Swisher v. Columbia Cty.*, No. 4:13-CV-00166, 2013 U.S. Dist. LEXIS 184476, at *20-22 (M.D. Pa. Nov. 15, 2013), adopted by, *Swisher v. Columbia Cty.*, Civil Action No. 4:13-CV-0166, 2014 U.S. Dist. LEXIS 10765 (M.D. Pa. Jan. 29, 2014) (declining to exercise supplemental jurisdiction over state claim when granting motion to dismiss all federal claims).

Accordingly, Counts II and III should be dismissed.

**V.    CONCLUSION**

For all the reasons stated above and in all Defendant's papers of record, Plaintiffs' complaint should be dismissed.

Respectfully submitted,

**THOMAS, THOMAS & HAFER LLP**

By:  /s/ Anthony T Bowser
Anthony T Bowser (PA #204561)
abowser@tthlaw.com
305 N Front Street, 6th Floor
Harrisburg, PA 17101
717.237.7100
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I, Anthony T Bowser, state that a true and correct copy of the motion to dismiss was served upon all parties of record via ECF on the date stated below:

Peggy M Morcom, Esquire
Buzgon Davis Law Offices
525 S 8th Street
Lebanon, PA  17042
Morcom@buzgondavis.com
*Counsel for Plaintiffs*

                                                          **THOMAS, THOMAS & HAFER LLP**

Date: 3/15/19                    By:    /s/ Anthony T Bowser