IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

STACEY JACKSON, KEYSHA SCOTT, :
And SHEENA WARREN, :
: 1:18-cv-2442
Plaintiffs, :
: Hon. John E. Jones III
v. :
:
HANDS ON NURSING, INC., :
:
Defendant. :

# MEMORANDUM

## June 4, 2019

Plaintiffs Stacey Jackson ("Jackson"), Keysha Scott ("Scott"), and Sheena Warren ("Warren") (collectively, "Plaintiffs") bring this collective and class action claiming that Defendant Hands-On-Nursing ("Defendant") failed to pay its direct care workers required overtime pay pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, Pennsylvania's Minimum Wage Law ("PMWL"), 43 P.S. §§ 333.101, *et seq.*, and Pennsylvania's Wage Payment and Collection Law ("PWPCL"), 43 P.S. §§ 2601.1, *et seq.* Presently pending before the Court is Defendant's Motion to Dismiss Plaintiffs' Complaint for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. (Doc. 8). The parties have fully briefed the matter, (Docs. 10, 20, 23),

1

making the Motion ripe for our review.  For the following reasons we will grant the Motion.

**I.     BACKGROUND**

We assume all factual allegations in Plaintiffs' Complaint to be true.

Plaintiffs are residents of Lebanon County, Pennsylvania, (Doc. 1 at ¶ 4), who worked for Defendant as direct-care workers.  (*Id.* at ¶ 5).  Defendant, a corporation also headquartered in Lebanon, Pennsylvania, (*Id.* at ¶ 7), provides direct-care services, including companionship, personal care and domestic assistance to individuals with disabilities and the elderly in their homes.  (*Id.* at ¶ 8).  Jackson worked for Defendant from October 2013 to June 11, 2018.  (*Id.* at ¶ 14).  Scott worked for Defendant from August 2015 to March 2017.  (*Id.* at ¶ 15). Warren, who began working for Defendant in June 2012, continues her employment.  (*Id.* at ¶ 16).

As direct-care workers, Plaintiffs provided Defendant's clients with companionship, personal care and domestic assistance services, including bathing, feeding, some light house work, arranging transportation or transporting clients to appointments, administering medications, and other similar tasks.  (*Id.* at ¶ 17). Defendant maintained an overtime policy which entitled employees to overtime pay, consisting of one and a half times their regular hourly rate, for time worked in excess of 80 hours in a 14-day period with the same client.  (*Id.* at ¶ 19).

Defendant did not calculate overtime by totaling all hours worked but, instead, considered only hours worked with a single client and excluded time spent traveling from one client to the next. (*Id.* at 24). Even where more than 40 hours of work for a single client was performed in a given week, Defendant did not pay overtime rates. (*Id.*).

Plaintiffs filed the present Complaint on December 27, 2018. On February 27, 2019, Defendant sent Plaintiffs checks representing "an unconditional payment of complete relief" that included back overtime pay due, liquidated damages, and an additional 10 percent. (Doc. 8, Ex. B).[1] Plaintiffs did not cash or deposit the checks. On March 1, 2019, Defendant filed the instant Motion. On March 26, 2019, Defendant issued new checks to Plaintiffs that corrected the application of wage taxes and withholdings. (Doc. 15, Ex. B). Plaintiffs, again, did not cash or deposit this checks initially. The case proceeded to mandatory mediation on May 15, 2019, which ultimately was unsuccessful. Although the Motion was fully briefed prior to mediation, Defendant supplemented the factual record after mediation to present additional exhibits to the Court showing that Plaintiffs

---

[1] In their opposition brief, Plaintiffs indicate that they could not assess whether Defendant's payment truly constituted complete relief because Defendant had not provided them with requested payroll records. (Doc. 20 at 5). Defendant responded that it had subsequently provided the requested payroll records to show that the checks represented more than what Plaintiffs could recover. (Doc. 23 at 5, n. 2). Plaintiffs have not further responded to the contrary.

deposited the March 26, 2019, checks they received from Defendant shortly before the mediation. (Doc. 25).

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure "may be treated as either a facial or factual challenge to the court's subject matter jurisdiction." *Gould Electronics Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) (citing *Mortensen v. First Fed. Sav. And Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). A facial attack considers only the allegations of the complaint to determine whether the claim sufficiently alleges subject matter jurisdiction. *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014). "Such an attack can occur before the moving party has filed an answer or otherwise contested the factual allegations of the complaint." *Id.* (citing *Mortensen*, 549 F.2d at 889-92). "A factual attack . . . is an argument that there is no subject matter jurisdiction because the facts of the case – and here the District Court may look beyond the pleadings to ascertain the facts – do not support the asserted jurisdiction." *Id.* The plaintiff retains the burden of demonstrating subject matter jurisdiction. *Gould*, 220 F.3d at 178.

## III. DISCUSSION

Defendant's attack is undisputedly factual. Defendant does not argue that Plaintiffs failed to sufficiently plead jurisdiction, but that their claims have been

4

mooted by Defendant's payment of complete relief.  As a threshold matter, though, Plaintiffs argue that a factual attack is improper at this procedural stage because Defendant has not answered the Complaint.  Plaintiffs argue that we are prohibited from considering a factual attack at this stage because such an evaluation "may occur at any stage of the proceedings, *from the time the answer has been served until after the trial has been completed.*"  *Mortensen*, 549 F.2d at 891-92 (emphasis added).  The Third Circuit apparently discerned that the quoted passage warranted some explanation and noted, in a footnote, that "[a] factual jurisdictional proceeding cannot occur *until plaintiff's allegations have been controverted*."  *Id.* at 892, n. 17 (emphasis added).  The necessity, therefore, is a factual dispute, whether through an answer or, potentially, a sworn statement of facts supporting a motion to dismiss.  *See Constitution Party of Pa.*, 757 F.3d at 358 (defining a facial attack as one made "before [the defendant] filed any answer to the Complaint *or otherwise presented competing facts*") (emphasis added); *Int'l Ass'n of Machinists & Aerospace Workers v. Nw. Airlines, Inc.*, 673 F.2d 700, 711 (3d Cir. 1982) ("[Defendant's] motion was supported by a sworn statement of facts.  It therefore must be construed as a factual, rather than a facial attack. . . .").[2]  The supporting declarations in this case, which state that Defendant sent Plaintiffs checks

---

[2] Plaintiffs note that the supporting declarations of Steven Fortna in this matter are not sworn affidavits. (Docs. 8-1, 15).  However, the declarations were made "under penalty of perjury," which gives them the same force and effect as sworn statements.  *See* 28 U.S.C. § 1746.

5

representing back overtime pay, liquidated damages, as well as an additional 10 percent, create a factual dispute as to whether Plaintiffs continue to have standing. Thus, we do not find a factual attack to be improper at this stage.

As noted earlier, Defendant argues that Plaintiffs no longer have standing to bring their claims because Defendant tendered Plaintiffs the full amount of back overtime pay due, plus liquidated damages, plus an additional 10 percent. At the time of the parties' briefing, Plaintiffs had not cashed or deposited the checks; thus, a central focus of the arguments on both sides was whether an unconditional, but unaccepted, settlement offer could moot Plaintiffs' claims. However, as noted, Defendant has provided copies of canceled checks showing that Plaintiffs have now deposited the checks. Plaintiffs have provided no evidence, whether through supplemental affidavits or a motion to file a surreply brief, contradicting Defendant's assertion that the payments constitute complete relief, despite having opportunities to do so. By all appearances, therefore, Plaintiffs have accepted Defendant's payment in satisfaction of, and mooting, their individual claims. (Doc. 8, Ex. B). What remains before us is whether the action should continue for the benefit of putative class members.

Plaintiffs have incorporated two fundamentally distinct forms of class actions in their Complaint. The FLSA is an "opt-in" collective action, while the Pennsylvania claims are brought pursuant to Rule 23 of the Federal Rules of Civil

6

Procedure, which operates under an "opt-out" mechanism. We assume original jurisdiction, of course, over the FLSA portion of the action. As an "opt-in" collective action, an individual becomes a "party plaintiff" only by "giv[ing] his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b). Even if a class under the FLSA is conditionally certified, such a certification

> does not produce a class with an independent legal status, or join additional parties to the action. The sole consequence of conditional certification is the sending of court-approved written notice to employees, who in turn become parties to a collective action only by filing written consent with the court, § 216(b). So even if [Plaintiffs] were to secure a conditional certification ruling . . . , nothing in that ruling would preserve [their] suit from mootness.

*Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 75 (2013) (internal citations omitted). It is abundantly clear, therefore, that there is no FLSA class at this point; no one has opted in and consented to becoming a party to the action. The only parties to the FLSA action are Plaintiffs, and their acceptance of Defendant's payment moots their individual claims. *Id.* at 72 ("If an intervening circumstances deprives the plaintiff of a 'personal state in the outcome of the lawsuit,' at any point during litigation, the action can no longer proceed and must be dismissed as moot." (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990)). The FLSA claim, therefore, must be dismissed for lack of standing.

Although Rule 23 "opt-out" class actions operate differently, the Rule 23 class claims here are based on Pennsylvania statutes, and we would exercise only supplemental jurisdiction over them. While we *may* exercise supplemental jurisdiction, we retain the right to decline such jurisdiction if we have dismissed all claims over which we had original jurisdiction, as we have here. *See* 28 U.S.C. § 1367(c)(3). In this case, we will decline further supplemental jurisdiction. To do otherwise would be absurd, as we would continue to permit a federal class action between non-diverse parties for violating Pennsylvania law.

## IV. CONCLUSION

For the above reasons, we will dismiss Plaintiff's FLSA claims for lack of standing and decline to further exercise supplemental jurisdiction over Plaintiffs' state claims. An order in accordance with this memorandum will separately issue.